UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Griffin T. Cormany, Case No. 3:25-cv-2098

Plaintiff,

v. ORDER

Chase Hauling LLC, et al.,

Defendants.

Plaintiff filed this action by invoking this Court's diversity jurisdiction. (Doc. No. 1 at 2; Doc. No. 1-1 at 1).

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). To satisfy the diversity jurisdiction requirements, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). For purposes of diversity jurisdiction, "a limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.*

In the Complaint, Plaintiff alleges:

> 2. Defendant Chase Hauling LLC ("Chase") is a limited liability company organized and existing under the laws of the state of Illinois, with a principal place of business at 223 Michigan Street, Eglin, Illinois 60120.
>
> . . .
>
> 4. Defendant Union Five LLC ("Union Five") is a limited liability company organized and existing under the laws of the state of Indiana, with a principal place of business at 425 Joliet Street, Suite 321, Dyer, Indiana 46311.

(Doc. No. 1 at 2). But Plaintiff says nothing of these LLC Defendants' members. Because an LLC's citizenship is determined by the citizenship of each of its members and sub-members, and because Plaintiff has not provided this information, I cannot conclude this Court's diversity jurisdiction was properly invoked.

To avoid dismissal of this action for lack of subject matter jurisdiction, Plaintiff shall supplement the Complaint by filing an affidavit of jurisdiction no later than November 13, 2026. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In this affidavit, Plaintiff shall:

1.) Identify all members and sub-members of each LLC Defendant, which "must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); and

2.) State jurisdictional allegations sufficient for me to determine the citizenship of every member and sub-member of both LLC Defendants (e.g., the domicile of individuals; the place of incorporation and principal place of business of corporations).

While I acknowledge that it remains Plaintiff's burden to establish this Court's diversity jurisdiction was properly invoked, I remind Defendants' counsel of this Court's expectation of collaboration and urge them to actively participate in acquiring the relevant facts required to determine Defendants' citizenship so jurisdiction can be verified as soon as possible.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge